# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD ZUESKI,

        Plaintiff,                  Case No.  07-10245

v.                                District Judge Denise Page Hood
                                Magistrate Judge R.  Steven Whalen

MICHIGAN STATE POLICE, et al.,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL
## BUT COMPELLING DISCOVERY

Before the Court is Plaintiff's motion to appoint an attorney [Docket #71], filed on

November 30, 2007.  For the reasons stated in this Court's order of November 29, 2007

[Docket #62], the motion to appoint counsel is DENIED WITHOUT PREJUDICE.

However, Plaintiff's request for counsel [Docket #71] specifically refers to his

difficulty in obtaining discovery.  He states that on November 19, 2007, he received legal

mail from the Defendants' attorneys, in the form of a computer disk. This was

presumably in response to the Plaintiff's document requests.[1] However, prison officials

refused to let him have the computer disk, and sent it back to the Defendants' attorneys.

---

[1] On December 10, 2007, the Court entered an order construing Plaintiff's motion
for discovery [Docket #43] as a document request, and directing Defendants to treat it as
such, and to respond to the request, as provided in Fed.R.Civ.P. 34, within 30 days.

A party who produces documents pursuant to a discovery request must produce those documents in a form that the requesting party can use. In *Bills v. Kennecott Corp.*, 108 F.R.D. 459, 463 -464 (D.C.Utah,1985), the court stated:

> "However, certain propositions will be applicable in virtually all cases, namely, that information stored in computers should be as freely discoverable as information not stored in computers, so parties requesting discovery should not be prejudiced thereby...."

A *pro se* prison inmate such as the Plaintiff must endure numerous restrictions not faced by litigants in free society who have lawyers. These include subjugation to myriad prison regulations and lack of access to computer equipment. In this case, the Michigan Department of Corrections (MDOC) has apparently decreed that Plaintiff shall not be permitted to receive computer disks. There may in fact be a legitimate security reason behind this decision, and the Court is not at this point prepared to second-guess the MDOC. However, Plaintiff is entitled to discovery in a form that he can use. This is especially important given that the Defendants have filed motions for summary judgment.

Therefore, although the Court will deny Plaintiff's request for counsel, his motion [Docket #71] will also be construed as a motion to compel discovery, and as such, will be GRANTED. Within 10 days of the date of this Order, Defendants will submit to the Plaintiff hard copies of all documents contained on the computer disk previously sent by their attorneys.

SO ORDERED.


S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  December 10, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 10, 2007.


S/G. Wilson
Judicial Assistant