UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ZUESKI,

    Plaintiff,                            Case No. 07-10245

v.                                         District Judge Denise Page Hood
                                             Magistrate Judge R. Steven Whalen

MICHIGAN STATE POLICE, et al.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* prison inmate who has been granted *in forma pauperis* ((FP) status, has filed a civil rights complaint pursuant to 42 U.S.C. §1983, naming as Defendants various individual police officers, as well as the Taylor Police Department and the Woodhaven Police Department. Because the municipal police departments are not entities capable of being sued, I recommend that the complaint be *sua sponte* dismissed as to those Defendants only, pursuant to 28 U.S.C. §1915(e). I further recommend that the Plaintiff be permitted to substitute the City of Taylor and the City of Woodhaven as the real parties in interest.

                       **I.    STANDARD OF REVIEW**

As an IFP filing, this Complaint is subject to screening under 28 U.S.C. §1915(e)(2)(B), which provides that "the court *shall* dismiss the case at any time if the

court determines that the action or appeal (i) is frivolous or malicious; or (ii) fails to state a claim on which relief maybe granted." (Emphasis added). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## II. DISCUSSION

Plaintiff has named as Defendants the Taylor Police Department and the Woodhaven Police Department. However, a municipal police department, which is simply an agency of the municipality, is not the proper party in interest in a tort action; rather, the municipality itself is the proper party. *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992, fn. 1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"); *Moomey v. City of Holland,* 490 F.Supp. 188, 189 (W.D. Mich. 1980) (holding that a police department "is merely a creature of the City, the real party in interest"); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994).

For this reason, Defendant Police Departments must be dismissed. *Payne v. Wyandotte Police Dept.*, 2006 WL 11195824 (E.D. Mich. 2006)(Roberts, J.).

However, Plaintiff should be afforded a reasonable amount of time to substitute the City of Taylor and the City of Wyandotte as the real parties in interest. *See* Fed.R.Civ.P. 17(a); *Knight v. New Farmers Nat'l Bank*, 946 F.2d 895 (6th Cir. 1991)(Table). I therefore recommend that in addition to dismissing the Police Departments, Plaintiff be given 30 days to file a motion to substitute the City of Taylor

and the City of Woodhaven as Defendants.

### III.    CONCLUSION

I recommend that the Complaint be dismissed as to Defendants Taylor Police Department and Woodhaven Police Department, pursuant to 28 U.S.C. §1915(e)(2)(B), and that Plaintiff be given 30 days to file a motion to substitute the City of Taylor and the City of Woodhaven as Defendants, those entities being the real parties in interest.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue

contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: April 21, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 21, 2008.

                                              s/Susan Jefferson
                                              Case Manager