UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ZUESKI,

    Plaintiff,                                Case No. 07-10245

v.                                             HONORABLE DENISE PAGE HOOD

MICHIGAN STATE POLICE,
TAYLOR POLICE DEPARTMENT,
WOODHAVEN POLICE DEARTMENT,
ROBERT PRAUSE, DENIS MCCARTHY,
GINA MASTERSON, KEITH O'CONNOR,
ANTHONY NEAL, POLICE OFFICER HILL,
SERGEANT TIMOTHY CULP,
MICHAEL NEIDY and TIMOTHY AMES

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

Ronald Zueski was granted *in forma pauperis status* and brought this civil rights action under 42 U.S.C. § 1983. This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 106, filed April 21, 2008]**. The Taylor Defendants are Taylor Police Department, and Taylor Police Officers Gina Masterson, Keith O'Connor, Anthony Neal, Police Officer Hill, Sergeant Culp and Michael Neidy ("Taylor Defendants"). The Taylor Defendants filed an Objection to the Report and Recommendation, **[Docket No. 109, filed on April 30, 2008]**. The Court adopts the Magistrate Judge's Report and Recommendation.

**II. STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and

1

Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

## III. ANALYSIS

Plaintiff has named the Taylor Police Department and Woodhaven Police Department ("Defendant Police Departments") as Defendants in this case. A municipal police department is simply an agency of the municipality, not the proper party in interest in a tort action. *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992, fn. 1 (6th Cir. 1994). The municipality itself is the proper party in interest. *Id*. Accordingly, the Defendant Police Departments shall be dismissed from the action.

Fed. R. Civ. P. 17(a) states in part, "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Plaintiff, Ronald Zueski, should be afforded reasonable time to substitute the City of Taylor and the City of Wyandotte as the real parties in interest. *Knight v. New Farmers Nat'l Bank,* 946 F.2d 895 (6th Cir. 1991)(Table).

The Taylor Defendants object to Magistrate Judge R. Steven Whalen's Report and Recommendation to allow Plaintiff thirty (30) days to file a motion requesting that the City of Taylor be substituted in as a party in the instant action. The Taylor Defendants assert that Plaintiff should not be allowed to substitute in the City of Taylor, as the deadline to file such a motion passed over four months ago. The Taylor Defendants further allege that allowing
2

Plaintiff the opportunity to file a motion to substitute parties would be prejudicial to Defendants as it would force the Taylor Defendants to incur more costs and attorney fees to respond to such a motion. Further they allege that delay of proceedings would occur as the City of Taylor would have to file a motion for summary judgment.

Because Plaintiff has named the incorrect real party in interest, he will be afforded reasonable time to correct such a mistake. Under 28 U.S.C. § 1915 (e)(2)(B), the Court shall dismiss an action which is frivolous and an action is frivolous when it lacks arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989). The current defendants assert that since there has been no constitutional violation on their part, Plaintiff has no right to substitute in the City of Taylor. The current defendants fail to show legal support as to why Plaintiff should not be allowed a reasonable time to cure his defect.

**IV. CONCLUSION**

The Court adopts the Magistrate Judge's Report and Recommendation.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate R. Steven Whalen, **[Docket No. 106, filed on April 21, 2008]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS ORDERED that Plaintiff, Ronald Zueski, be given 30 days from the date of this Order to file a motion to substitute the City of Taylor and the City of Wyandotte as Defendants.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: June 6, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and

                        Ronald H. Zueski, Reg. No. 171151
                        c/o Camp Lehman
                        Standish Maximum Correctional Facility
                        4713 W. M-61
                        Standish, MI 48658

on June 6, 2008, by electronic and/or ordinary mail.

                                                    s/ William F. Lewis
                                                    Case Manager