**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD ZUESKI,

Plaintiff,

Case No. 07-10245
Honorable Denise Page Hood

v.

MICHIGAN STATE POLICE et al.,

Defendants.
_________________________________/

**ORDER DENYING MOTION ON OVERLOOKED OR NEW EVIDENCE**

This matter is before the Court on Plaintiff Ronald Zueski's document entitled, "Motion on Overlooked or New Evidence" filed September 24, 2010.[1] Plaintiff seeks to set aside a disposition that was filed November 23, 2009. Plaintiff claims Defendants used excessive force and denied proper medical care, therefore a jury trial is necessary to prevent a miscarriage of justice. Plaintiff indicates discovery was incomplete and requests permission to take the question of evidence to the Supreme Court.

It is noted that there is nothing on the record showing that an order was filed on November 23, 2009 by this Court. The Sixth Circuit Court of Appeals issued its Order affirming the dismissal of Plaintiff's case by this Court on November 23, 2009. *See, Zueski v. Prause*, Sixth Circuit Case No. 08-2288 (Nov. 23, 2009)(unpublished). The Sixth Circuit Mandate was issued on September 14, 2010. (Doc. No. 161) Plaintiff filed a writ of certiorari before the United States Supreme Court which was denied on February 22, 2011. *Zueski v. Prause*, U.S. Supreme Court Case No. 10-7968, 141 S.Ct. 1496 (Feb. 22, 2011)(Mem.).

[1] The caption of the motion includes the Sixth Circuit Court of Appeals heading and case number. If Plaintiff seeks to have the Court of Appeals review this motion, such a motion must be filed before the Sixth Circuit of Appeals. The Sixth Circuit docket shows Plaintiff filed several documents, pleadings, briefs and letters with the Court. This indicates that Plaintiff has knowledge as to how and where to file documents before the Sixth Circuit Court of Appeals.

The Court has no authority to set aside an order entered by the Sixth Circuit. The Court may review matters after a judgment has been filed under Rule 60(b) of the Federal Rules of Civil Procedures which provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

Although Plaintiff's motion notes "overlooked" or "new evidence," Plaintiff does not identify any such evidence, other than requesting permission to take the "question of evidence" to the Supreme Court. Plaintiff filed a writ of certiorari before the Supreme Court which was denied. The Supreme Court had the opportunity to review Plaintiff's claims but declined to do so. Even if Plaintiff is able to identify newly-discovered evidence, any such motion based on this reason is barred by the one year requirement in Rule 60(c)(1). The Judgment was entered more than two years ago on September 9, 2008. Plaintiff has not shown any other extraordinary circumstances

requiring relief under Rule 60(b)(6).

Accordingly,

IT IS ORDERED that Plaintiff's Motion on Overlooked or New Evidence **(Doc. No. 162, filed September 24, 2010)** is DENIED.

s/Denise Page Hood
United States District Judge

Dated: September 15, 2011

I hereby certify that a copy of the foregoing document was served upon Ronald Zueski #171151, 4533 W. Industrial Park Drive, Kincheloe, MI 49786 and counsel of record on September 15, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager